**Yildirim TASCI, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–3033.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 24, 2007.

Filed: Oct. 30, 2007.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Stuart A. Minkowitz, Office of United States Attorney, Newark, NJ, Richard M. Evans, Marion E. Guyton, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

BEFORE McKEE, BARRY, and FISHER, Circuit Judges.

## OPINION

McKEE, Circuit Judge.

Yildirim Tasci petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his Motion to Reopen. Tasci also appeals the BIA's affirmance of the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

### I.

As we are writing primarily for the parties, we need not set forth the factual or procedural background of this case except insofar as may be helpful to our brief discussion.

The Department of Homeland Security initiated removal proceedings against Tasci pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), because he overstayed his visa. Tasci responded by requesting asylum, withholding of removal, and relief under CAT.

At the ensuing hearing, the Immigration Judge ("IJ") found Tasci's asylum claim to be time-barred and denied the remaining claims. The BIA adopted and affirmed the IJ's decision, placing particular emphasis on the time-barred asylum claim. Tasci moved to reopen the decision pursuant to 8 C.F.R. § 1003.2. In support of his motion, Tasci presented two letters showing continued threats against himself and his family as well as the most recent State Department Report on the human rights practices in Turkey. The BIA denied Tasci's motion to reopen, and this petition for review followed.

### II.

We have jurisdiction to hear this claim pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004). "Under the abuse of discretion standard, the [BIA]'s decision must be reversed if it is 'arbitrary, irrational, or contrary to law.'" *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002) (quoting *Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994)).

An alien is entitled to reopen removal hearings if he/she can present novel evidence to support a claim of persecution or

torture. *Id.* at 174. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. § 1003.2(c)(1). The BIA has broad discretion to grant or deny motions to reopen. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). "No statute or regulation creates any circumstance in which a motion to reopen must be granted. This implies that motions to reopen remain discretionary motions...." *Sevoian*, 290 F.3d at 173 (internal quotations and citations omitted). Moreover, motions to reopen generally are disfavored because they affect the finality of a court's decision; motions to reopen immigration hearings are particularly disfavored because, "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Doherty*, 502 U.S. at 323, 112 S.Ct. 719. There are three grounds on which the BIA may deny a motion to reopen: (1) failure to establish a *prima facie* case for the relief sought, (2) failure to introduce previously unavailable, material evidence, and (3) a determination that even if these requirements were satisfied, the alien would not be entitled to the discretionary grant of relief sought. *Id.* The BIA originally concluded that Tasci failed to establish a likelihood of persecution or torture upon returning to Turkey.

The letters Tasci presented to support his motion to reopen state that Zever Das 's friends and family are still threatening to harm Tasci, even though seventeen years have passed since the trial. Despite Tasci's claim that the "BIA completely failed to address the specific new evi-

dence," the BIA's opinion reflects a careful analysis of the letters and State Department Report.[1] After reviewing the letters, the BIA found the new evidence was insufficient to resolve the inherent problem in Tasci's argument concerning the "nexus between the desire of Zever Das 's men to harm [Tasci] and his alleged membership in a particular social group." (JA 2).

Both the IJ and BIA concluded that the threat of violence against Tasci stemmed not from his membership in the Turkish military, but rather from his actions in the investigation and trial of Zever Das. We agree. Tasci's involvement in the trial is a natural corollary to his status in the military, but the two circumstances are distinct. There is no indication that any other members of the Turkish military were persecuted, or that he was singled out because of his military status. Furthermore, the record contains no evidence that the BIA acted in an arbitrary or irrational manner, or contrary to established law. Therefore, we find the BIA did not abuse its discretion in denying the motion to reopen.

We need not address Tasci's argument concerning the merits of his asylum, withholding of removal, and CAT claims. If Tasci wished to appeal the BIA's final order of removal, he had to have done so within 30 days. 8 U.S.C. § 1252(b)(1). Since he failed to appeal the merits of the BIA's decision affirming the IJ's denial of relief within the required time period, that decision is not properly before us, and we can not review it.

### III.

For the reasons set forth above, we conclude that the BIA did not abuse its

---

1. The BIA's order stated, "we find that the evidence submitted by the respondent is insufficient." (JA 2). We have previously stated, "[t]he Board's reference to 'insufficient evidence' indicates that it weighed the evidence and found it lacking...." *Sevoian*, 290 F.3d at 175.

discretion by denying the motion to reopen. Accordingly, we will affirm the decision of the BIA, and deny the petition for review.